IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Andrew Wallace, | C/A No.: 3:23-5903-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Cougar Columbia Hudson LLC; Cougar Columbia Hudson Automotive Group; Ed Yeager; Benson E. Essien; Patricia Varnadore; and Ricky Reagans, | ORDER AND NOTICE |
| Defendants. | |

Joshua Andrew Wallace ("Plaintiff"), proceeding pro se, sues Cougar Columbia Hudson LLC, Cougar Columbia Hudson Automotive Group, Ed Yeager; Benson E. Essien, Patricia Varnadore, and Ricky Reagans alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff states he "made inquiries to resolve neglect in compensation," but his "verbal requests for evaluation were ignored." [ECF No. 1 at 6]. He

claims he was passed over for a management position and management created a "toxic work environment to force Plaintiff to quit." *Id.*

Plaintiff alleges he was "attacked and verbally assaulted" on August 8, 2023, and then "coerced" to write a statement on the incident. [ECF No. 1 at 7]. Plaintiff states he was then terminated for "'causing a disturbance,'" which he alleges was unlawful because the "conditions stated for termination are not listed in the employee handbook." *Id.* Plaintiff checked the boxes on the complaint for discrimination pursuant to Title VII, and also lists 5 U.S.C. § 2302, 15 U.S.C. § 45, and state law causes of action. *Id.* at 3–4.

Over ten days after filing his complaint, Plaintiff submitted a filing with a coversheet entitled "Supporting documents to case 3:23-cv-5903," which was docketed as a "Supplement." [ECF No. 4]. The documents include what purports to be a 2015 Mississippi state order for a name change from Joshua Andrew Wallace to Aalam Yanis El Bey, although it does not appear Plaintiff ever advised any defendant his name was anything other than Joshua Andrew Wallace. *Id.* at 2. The supplement also includes a document titled "Notice of International Complaint and Commercial Lawsuit," which repeats some of the allegations of the complaint, but also lists statutes, cases, and various purported causes of actions.[1] *Id.* at 5–18.

---

[1] For instance, one of the causes of actions Plaintiff lists in this document is entitled "Power of Attorney, Commercial Security agreement, UCC and Non

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v.*

---

UCC filing." Its only supporting allegation states "Commercial contracts put in place to show equitable title and counter violation to Trust Res." [ECF No. 4 at 14]. Such nonsensical legal jargon is insufficient to state a cause of action. Federal judges are not pigs searching for truffles and federal courts are not required to be "mind readers" or advocates for pro se litigants in construing pro se pleadings. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

*Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Allegations for Title VII Claim

Plaintiff has failed to state an actionable claim under Title VII, as he has not even alleged he is a member of a protected class or provided allegations that he was discriminated against based on any protected class. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement of liberal construction for pro se complaints does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff

4

must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff has failed to meet the minimum pleading requirements for a Title VII claim.

### 2. No Individual Liability for Title VII

Plaintiff may not bring claims pursuant to Title VII against individual defendants. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (finding that Title VII, the ADA, and the ADEA do not provide causes of action against defendants in their individual capacities). Therefore, the individual defendants in this case—Ed Yeager, Benson E. Essien, Patricia Varnadore, and Ricky Reagans—are subject to summary dismissal.

3.   5 U.S.C. § 2302 and 15 U.S.C. § 45

Plaintiff cites 5 U.S.C. § 2302 and 15 U.S.C. § 45 as federal statutes that support him. Title 5 applies to employees of the federal government and it agencies and Plaintiff has provided no facts demonstrating he is covered by this statute. Title 15 also does not apply. Pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce" are unlawful. However, there is no private right of action to enforce this provision. *Baum v. Great W. Cities, Inc., of N.M.*, 703 F.2d 1197, 1209 (10th Cir. 1983) ("[P]rivate litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1)."); *J.R. v. Walgreens Boots Alliance, Inc.*, No. 20-1767, 2021 WL 4859603, at *8 (4th Cir. 2021 Oct. 19, 2021) (unpublished) (noting that "[t]hough we have not yet addressed this issue, other Circuits have uniformly found the FTCA does not contain an implied private right of action" and collecting cases). Therefore, Palintiff's complaint related to these statutes are subject to summary dismissal.

4. Jurisdiction

If the court finds that Plaintiff has not stated a claim under federal law and has not established some other basis for jurisdiction, the court may find that it does not have subject matter jurisdiction over Plaintiff's state law claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **December 29, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading

7

ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

    IT IS SO ORDERED.

December 8, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge