

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSHUA ANDREW WALLACE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 3:23-5903-MGL |
| | § | |
| COUGAR COLUMBIA H, LLC, *doing* | § | |
| *business as Midlands Honda*, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Plaintiff Joshua Andrew Wallace (Wallace) filed this job discrimination action against his former employer, Cougar Columbia H, LLC, doing business as Midlands Honda, and several Individual Defendants. The Court previously dismissed the Individual Defendants from the lawsuit. Wallace is representing himself.

Although Wallace lists both himself and Joshua Wallace et al. as plaintiffs in the caption of his amended complaint, Wallace is the only one who signed the amended complaint. Thus, the Court directs the Clerk to strike Plaintiffs Joshua Wallace et al. from the docket.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion to dismiss with prejudice be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 1, 2024. Although Wallace's objections to the Report were due by April 15, 2024, he failed to file them. Instead, on April 12, 2024, the Clerk of Court entered Wallace's "Notice of Appeal" of the Court's January 23, 2024, Order dismissing the Individual Defendants from this lawsuit.

The Fourth Circuit's jurisdiction is limited, however, to consider only final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. 1292. The Court's January 23, 2024, fails to fit into any of these three categories. As such, the Court is of the opinion it is appropriate for it to go forward with its consideration of the Report.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In an abundance of caution, however, because the Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), because Wallace makes arguments in his "Notice of Appeal" about the merits and the dismissal of his entire case, and because Wallace's "Notice of Appeal" was filed within the time-frame that objections were due to

2

be filed, the Court has also liberally construed Wallace's "Notice of Appeal" as his objections to the Report, *see, e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "Notice of Appeal" as "Objections to the Report" when the petitioner filed a notice of appeal instead of objections to the Report during the time period for filing objections to the Report).

Also in an abundance of caution, the Court has made a de novo review of the record. After having done so, the Court concludes the arguments in Wallace's "Notice of Appeal," when construed as objections, lack any merit. It will therefore overrule the objections and enter judgment accordingly.

After a de novo review of the Report and the record in this case, the Court adopts the Report, overrules Wallace's construed objections, and incorporates the Report herein. Therefore, it is the judgment of the Court Defendant's motion to dismiss with prejudice is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 18th day of April, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.